UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CIVIL ACTION NO. 3:19-cv-00371

REAL PROPERTY SITUATED AT
3542 NORWOOD ROAD, HUNTINGTON,
CABELL COUNTY, WEST VIRGINIA,
together with all improvements
thereon and appurtenances thereto;
$25,000 in U.S. Currency; and
ONE 2017 CHEVROLET SILVERADO K1500 LTZ TRUCK,

        Defendants.

### VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by Christopher R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully states as follows:

### NATURE OF THE ACTION

1.    This is a civil action *in rem* brought, pursuant to 18 U.S.C. §§ 983(a) and 985, to enforce the provisions of 18 U.S.C. §§ 981(a)(1)(A), 982, and 984, for the forfeiture of defendant real and personal properties.

1

**DEFENDANTS IN REM**

2. The defendant real property is situated at 3542 Norwood Road, in the city of Huntington, Cabell County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed recorded in the Office of the Clerk of the County Commission for Cabell County, West Virginia, in Deed Book 1297 at pages 511-512 (hereinafter "real property").

3. The defendant real property is not in the custody of the United States or any of its agents.

4. The defendant $25,000 in U.S. Currency ("Currency") and defendant 2017 Chevrolet Silverado K1500 LTZ Truck, VIN 3GCUKSEJ3HG136395 (hereinafter "vehicle"), are in the custody of the United States Marshals Service for the Southern District of West Virginia.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345, 1355 and 18 U.S.C. § 981(h).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

7. Upon the filing of this complaint, the United States will seek the issuance of a warrant of arrest <u>in rem</u> from the Clerk of this Court, pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for the arrest of those assets.

## BASIS FOR FORFEITURE

8. The defendant real property is subject to forfeiture to the United States as the real property was involved in one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 or 1957, or are traceable to property involved in such transactions and, therefore, is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), and 984.

9. The defendant currency and defendant vehicle were voluntarily surrendered and are addressed in this complaint as part of an agreement to resolve any dispute relating to the forfeiture.

10. On February 21, 2018, a Grand Jury returned a Second Superseding Indictment (ECF No. 142; hereafter, "Indictment") against defendant Windel Lester, and others, charging him with the following offenses:

- Mail and wire fraud conspiracy in violation of 18 U.S.C. § 1349 as set forth in Count 1;

- Arson conspiracy in violation of 18 U.S.C. § 844(m) as set forth in Count 2;

- Money laundering conspiracy in violation of 18 U.S.C. § 1956(h) as set forth in Count 3;

- Wire and mail fraud in violation of 18 U.S.C. § 1341 and 1343, as set forth in Counts 4-16;

- Unlawful money transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 18;

- Unlawful money transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 19;

- Mail fraud in violation of 18 U.S.C. § 1341, as set forth in Counts 20-24;

- Money Laundering to Promote Scheme in violation of 18 U.S.C. § 1956(a)(1)(A)(i), as set forth in Count 26;

- Arson to Commit Mail Fraud in violation of 18 U.S.C. § 844(h)(1) and 2. as set forth in Count 27;

- Unlawful Monetary Transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 28;

- Money Laundering to Conceal in violation of 18 U.S.C. § 1956(a)(1)(B)(i and 2), as set forth in Count 29;

- Unlawful Monetary Transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 31;

- Unlawful Monetary Transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 32; and

- Unlawful Monetary Transaction in violation of 18 U.S.C. § 1957 and 2, as set forth in Count 33;

Second Superseding Indictment, ECF No. 142.

11. WINDEL LESTER did as part of the conspiracy, among other things, the following:

- Purchased properties containing vacant or mostly vacant houses;

- Applied for and obtained insurance coverage for the properties with coverage limits well above the purchase price of the properties;

- Participated in staging and/or setting fires to the houses on the various properties, in order to file false and fraudulent insurance claims and collect the proceeds derived from the claims;

- Participated in submitting false insurance claims and supporting documents for various categories of losses that included fire damage to the burned houses and contents supposedly contained in them, additional living expenses, and post-fire clean-up costs;

- Made false and fraudulent statements and representations about the cause and origin of the fires, and the amount

        and extent of the damage caused by the fires in order to collect insurance proceeds; and

- Received insurance proceeds from the false and fraudulent insurance claims.

*Id.*

12. The Indictment alleged Windel Lester and other conspirators defrauded insurance companies of more than $789,000. *Id.* The Indictment also contained a Grand Jury finding of probable cause for forfeiture of a money judgment in the amount of at least $381,008.74 against Windel Lester pursuant to Counts 1, 4-16, and 20-24 (Wire and Mail Fraud), $384,138.00 against Windel Lester pursuant to Counts 3, 18, 19, 26, and 28-33, (Money Laundering); and the forfeiture of the property against Windel Lester for Count 3 or 32 (Money Laundering).

13. From August 14, 2018 through August 22, 2018, the District Court conducted a trial. At trial, the Government introduced exhibits and several prosecution witnesses testified. On August 22, 2018, the Jury returned verdicts of guilt (ECF No. 317) against Windel Lester on Counts 1-3, 5, 8, 10-13, 18, 19, 21, 26, 28, 29, 31 and 33.

14. During the period of December 2018 through January 2019, the United States and counsel for Windel Lester worked on finalizing an agreed order addressing the forfeiture.

15. In early January, Windel Lester, by counsel, requested additional time to resolve the forfeiture pursuant to an agreement.

16. In exchange for the United States agreeing to extend the deadline to resolve the forfeiture, Windel Lester surrendered the defendant currency and defendant vehicle on February 15, 2019.

17. Windel Lester died on April 2, 2019.

18. The United States and the Estate of Windel Lester desire to resolve the forfeiture matter by agreement.

19. Title 18, United States Code, Section § 982(a)(4) provides, in pertinent part, that "the gross receipts of such an offense" to include "any property, real or personal, tangible or intangible, which is obtained, directly or indirectly, as a result of such offense" and, therefore, are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

20. For the reasons outlined above, the defendant real property was derived from proceeds from violations of 18 U.S.C. §§ 1956 or 1957, therefore, are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), and 984.

21. For the reasons outlined above, the defendant currency and defendant vehicle are part of an Agreement with the Estate of Windel Lester which will be documented in a proposed agreed order.

22. As part of the agreement, the United States will not pursue any additional assets as part of its forfeiture claims.

WHEREFORE, the United States prays that process of warrant <u>in rem</u> be issued for the arrest of the defendant real property, defendant currency, and defendant vehicle; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that all of the defendant properties be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: s/Christopher R. Arthur
CHRISTOPHER R. ARTHUR
Assistant United States Attorney
WV State Bar No. 9192
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-340-7851
E-mail: chris.arthur@usdoj.gov

## VERIFICATION

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Seth A. Summers, Postal Inspector with the United States Postal Inspection Service, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture <u>in rem</u> is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on May 9th, 2019.

_____
SETH A. SUMMERS

Taken, subscribed and sworn to before me this 9th day of May, 2019.

_____
Notary Public

My commission expires on July 31, 2020.



10

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Real Property situated at 3542 Norwood Road Huntington, Cabell County, WV; $25,000 in U.S. Currency; and 2017 Chevrolet Silverado K1500 LTZ Truck

**(b)** County of Residence of First Listed Plaintiff   _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cabell
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question  *(U.S. Government Not a Party)*
- [ ] 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. 981(a)(1)(a), 982 and 984

Brief description of cause:
forfeiture of money laundering proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   USDC Judge David A. Faber
DOCKET NUMBER   1:17-cr-00095

DATE   05/09/2019
SIGNATURE OF ATTORNEY OF RECORD   /s/ Christopher R. Arthur

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE